# United States Court of Appeals for the Fifth Circuit

---

No. 25-30407
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID BAILEY,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-55-1

---

Before WIENER, STEWART, and RICHMAN, *Circuit Judges*.

PER CURIAM:[*]

David Bailey appeals following his guilty plea conviction and sentence for conspiracy to distribute and to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin. Specifically, he challenges the district court's preliminary order of forfeiture

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30407

relating to six pieces of jewelry with a value of $40,000. *See United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001).

We decline to address whether the appeal waiver applies because we conclude that Bailey has not shown reversible error. *See United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008).

Even assuming that Bailey sufficiently preserved his issue for review, he fails to show that the district court erred by including the challenged jewelry in the preliminary forfeiture order. *See United States v. Ayika*, 837 F.3d 460, 468 (5th Cir. 2016). The relevant evidence before the district court at the time it issued the preliminary forfeiture order was Bailey's written, signed plea agreement, in which he knowingly and voluntarily agreed to forfeit, inter alia, "property specified in any bill of particulars" and confessed the requisite nexus between such property and the charge of conviction. *See generally* 21 U.S.C. § 853(a)(1); Fed. R. Crim. P. 32.2(b)(1)(B); *Ayika*, 837 F.3d at 469. The challenged jewelry was specified in a bill of particulars.

The only rebuttal evidence offered by Bailey—a pro se letter—was received by the district court approximately 17 days after it issued the preliminary forfeiture order. Accordingly, we do not consider that evidence. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Insofar as Bailey complains that the district court ignored his counsel's objections to the challenged forfeiture at rearraignment, counsel made no substantive objection and presented no specific evidence or argument for the court to consider.

AFFIRMED.

2